Davis, J.
The parties had the legal right to agree, as they did do in this case, that the entire policy should be void if the premium, or any note given therefor, should have been due and unpaid for thirty days at the time the loss occurred. Their agreement was not merely that the policy should be void if the premium were not paid; but that it should also be void if any note given in payment of the premium should not be paid. It was agreed also that on the happening of that condition, the entire policy should be void, not that the insured should have the option to declare it void, or that it should become void, or be declared void thereafter upon any subsequent conditions. It was therefore not necessary for the insurer to demand payment of the note, nor to give to the insured any notice of intention to stand on the forfeiture. The contract of insurance became cancelled by the mere failure of *359 the insured to pay the premium note within thirty days after its maturity. Iowa Life Ins. Co. v. Lewis, 187 U. S. Rep., 335; May on Insurance (2 ed.), sec. 345/; Joyce on Insurance, sec. 1106. As this condition in the policy is made for the protection of the insurer it could he waived; but there is nothing in this case which tends'to show a waiver by the insurance company. We know of no ruling in this court which is in conflict with our view of this case. Indeed, there are several which are in complete accord with it, although in none of them is the precise question here made formally decided. For example, Union Mut. Ins. Co. v. McMillen, 24 Ohio St., 67. In that case as in this (see statement of case) there was a condition, which was contained in a special agreement on the margin of the policy, that if any note be given in payment of premium and such note should not be paid according to the provisions thereof, then the policy should “become immediately void,” etc. This very explicit condition, for some reason which is not apparent, does not appear to have been mentioned either in the argument or in the decision, and the case was decided upon another condition appearing in the body of the policy; but it seems almost certain that if the case had stood upon the single condition as to the payment of the note, the judgment must have been the same; for White, J., discussing the question whether .the policy was a subsisting obligation at the time of the death of the insured, says:
“In considering the first question it is to be observed that the body of the policy contains a provision which declares that the policy is made and accepted upon the express condition that if the amount of any annual premium is not fully paid, on *360 the day provided for, then the policy shall become hull and void, and wholly forfeited; and also that no agent of the company, except the president or secretary, can waive such forfeiture, or alter that or any other condition of the' policy.
“The parties were at liberty to contract in their own terms; and where no rule of law or of public-policy is contravened, the terms thus employed must furnish the standard for determining their rights under the contract.
“By the terms of this policy, full payment of the annual premium on the day provided for, was necessary to its renewal or continuance. As a consequence of the failure to make such payment, it is-expressly declared that the policy shall become-‘null and void, and wholly forfeited.’ Hence, if there was no authorized extension of -the time of payment, the policy had ceased to be operative long before the termination of the life insured.”
Another case is Insurance Co. v. Robinson, 40 Ohio St., 270, which differs from this case in no essential particular. The default in that case was in the payment of interest on outstanding premium notes; but the same condition covered the case of non-payment of the notes. Still another case is Matthews v. Insurance Co., 40 Ohio St., 135, cited and commented upon in the brief for plaintiff in-error.
But it is said that a different doctrine is laid down in Insurance Co. v. French, 30 Ohio St., 240, and that it was the controlling factor in producing the judgment of the circuit court in this case. The real controversy in that case was whether the insurer had waived the forfeiture or by its course of business: *361 •with the insured had estopped itself from setting up' the forfeiture under the contract. That issue was-fairly submitted to the jury and the court was notable to say that the jury had clearly erred in finding" a verdict for the insured, and that was the foundation of the judgment .affirming the judgment; of the court below. In that the court was undoubtedly right; but it is in the reasoning by which that conclusion was reached that the confusion as to the meaning of the court arises.. It was pointed out in the opinion that the note which was given for premium contained a stipulation that “if not paid at maturity said policy is to be null and. void,” but that jhe policy itself contained no such provision. It cohtained only a clause that it should be void for non-payment of the premium. It seems, to have been the view of the judge who wrote the-opinion that payment of the premium by a note satisfied the condition of the policy and that non-payment of the note not being provided for in the policy but only in the note itself, that clause was not a part of the policy and its breach would not, therefore, of itself, avoid the policy, and that it was necessary for the insurer to do something indicating its intention to insist upon the forfeiture. It is not very clear that such is the correct view. Indeed it seems to us. that the reasoning of the Supreme Court of the' United States in the ease above cited is more satisfactory. Counsel for the plaintiff in error in support of their contention that the policy was void, had cited Union Mut. Life Ins. Co. v. McMillen, supra, with other eases. The court however, declined to be controlled by them for' the reason that there was an obvious difference be *362 tween those cases and the case then in hand, viz.: “In most of the cases which have been cited in argument the policy contained a clause, that it should be void upon non-payment of the premium, or any note .given for such premium. This policy, however, contains no clause of avoidance for the non-payment of notes for premium. ’ ’
But Insurance Co. v. French finally turned upon the question of waiver and the syllabus, for which alone the concurring judges are responsible, must be interpreted in the light of that fact and of the particular circumstances of that case.
It is important to note in this connection another remark in the opinion in Insurance Co. v. French, because it conclusively shows that in the mind of the •court the crucial point of that ease was the question •of waiver, viz.: “Nor do these views conflict with Robert v. Insurance Co., 1 Dis., 355, a case which counsel seem to' think decisive of this. In that case the court admit that subsequent acts may prevent fhe avoidance of a policy, quoting some of the authorities already cited. ’ ’
We do not, therefore, regard Insurance Co. v. French as in any way applicable to the case now in hand, nor as conflicting with any former utterances •of this court or with the law of this case as we have stated it above.
The judgment of the circuit court is accordingly ■reversed and that of the court of common pleas

Affirmed.

Spear, O. J., Shauck, Price, Crew and Summers, JJ., concur.